IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON ANN WILSON,   :  No. 4:08-CV-1258
    Plaintiff    :
           :  Judge John E. Jones III
     v.     :
           :
THE CANADA LIFE ASSURANCE :
COMPANY, *et al.*,     :
    Defendants   :

## MEMORANDUM

March 3, 2009

This dispute over the proceeds of a life insurance policy is before the Court

on the Motion to Dismiss Amended Complaint (Doc. 11) of defendant The Canada

Life Assurance Company ("Canada Life") which seeks to dismiss the complaint of

plaintiff Sharon Ann Wilson for failure to join a party under Rule 19 and failure to

state a claim.  Also before the Court is Wilson's Motion to Extend Time for

Service Upon Foreign Corporation (Doc. 28) which seeks an extension of time in

which to serve defendant Toyo Motors, Ltd. ("Toyo").  For the reasons set forth

below, Canada Life's motion to dismiss will be granted, and Wilson's motion will

be denied as moot.

1

## I.    BACKGROUND[1]

Wilson commenced this action by filing a praecipe for writ of summons in the Court of Common Pleas of Schuylkill County on November 13, 2007.  (Doc. 1, Ex. B.)  Canada Life removed the action to this Court on November 25, 2008.  (*See* Doc. 1.)  On July 31, 2008, Wilson filed an amended complaint naming as defendants Canada Life and Toyo.  (Doc. 8.)

Wilson's complaint asks the Court to determine the ownership of the proceeds of a life insurance policy.  (*See id.* at ¶ 2.)  The complaint alleges that on July 4, 1980, New York Life Insurance Company issued a $100,000 whole life policy, number 3077070, on the life of Robert Andrew Stevens.  (*Id.* at ¶ 9.)  The policy listed Robert A. Stevens as the insured and Toyo Motors, Ltd. as the applicant and beneficiary.[2]  (Doc. 11-3 at 17, 18.)  Toyo is a general automotive repair business located in Richmond, British Columbia, Canada.  (Amend. Compl. ¶ 6.)  At the time the policy was issued, Robert A. Stevens was the owner and president of Toyo, as well as a mechanic.  (*See* Doc. 11-3 at 13, 17.)

---

[1] In accordance with the standard of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or 12(b)(7), the Court accepts all factual allegations of the complaint as true.

[2] Although not attached to the complaint, the Court may consider the undisputedly authentic copy of the policy attached to Canada Life's motion to dismiss since Wilson's claims are based on this document.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).

In April 1994, Canada Life acquired certain assets of New York Life, including the policy insuring the life of Robert A. Stevens, and converted policy 3077070 to a Canada Life policy.  (Amend. Compl ¶ 11; Doc. 11-4.)

Robert A. Stevens was the domestic partner of plaintiff Wilson.  (Amend. Compl. ¶ 20).  On dates unspecified in the complaint, Robert A. Stevens changed ownership of the policy from Toyo to himself and changed the beneficiary of the policy from Toyo to Wilson.  (*See id.* at ¶ 28).  At the time of Robert A. Stevens's death on October 5, 2007, the policy listed Robert A. Stevens as the owner and Wilson as the sole beneficiary.  (*Id.* at ¶¶ 21-23.)  Wilson provided timely notice of Robert A. Stevens's death to Canada Life and sought the proceeds of the policy. (*Id.* at ¶ 27.)

Canada Life has not paid Wilson the policy proceeds, however, because Toyo has submitted a competing claim.  (*Id.* at ¶¶ 12, 28.)  On May 12, 2008, Toyo commenced suit against Canada Life and Wilson in the Supreme Court of British Columbia.  (*Id.* at ¶ 12.)  In that action, Toyo contends that on October 21, 2002, Robert A. Stevens resigned from his positions at Toyo, and therefore, had no authority to transfer ownership of the policy to himself on April 28, 2005 or to

change the beneficiary of the policy to Wilson on September 20, 2005.[3]  (Doc. 11-9.)  In the Canadian action, Toyo seeks a declaration that it is the owner and beneficiary of the policy and payment of the policy proceeds.  (*Id.*)

In this action, Wilson asserts against both Canada Life and Toyo claims of breach of contract and fraud.  (Amend. Compl. ¶¶ 30-33, 34-40.)  She seeks compensatory damages in an amount in excess of $100,000 and punitive damages.[4]  To date, Wilson has not returned proof of service of the amended complaint on Toyo, and no counsel has entered an appearance on Toyo's behalf.  Canada Life moves to dismiss Wilson's amended complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join Toyo.  Canada Life asserts that Toyo is an necessary party and cannot be joined because this Court lacks personal jurisdiction over Toyo.  Canada Life also moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Wilson's fraud

---

[3] The Court may consider Toyo's statement of claim in the Canadian action as it is a public record referenced in Wilson's complaint.  *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

[4] Wilson asserts as a separate count "outrageous conduct necessitating the imposition of punitive damages."  (Amend. Compl. ¶¶ 41-45.)  However, "Pennsylvania courts have repeatedly held that a claim for punitive damages is not a separate cause of action."  *Jefferies v. Ameriquest Mortgage Co.*, 543 F. Supp. 2d 368, 390 (E.D. Pa. 2008) (collecting cases).  Rather, punitive damages are relief potentially recoverable under a substantive claim.  Therefore, Wilson's cause of action for punitive damages must be dismissed.  However, rather than require Wilson to proceed through the empty formality of amending her complaint to request punitive damages as relief for her two substantive claims, the Court will so construe the amended complaint.  *See, e.g.*, *Guar. Towers, LLC v. Cellco P'ship*, C.A. No. 1:07-CV-0554, 2007 WL 2617651, at *7 (M.D. Pa. Sept. 6, 2007).  The Court will similarly construe Canada Life's motion to dismiss Count III of the amended complaint as a motion to strike Wilson's request for punitive damages.

claim and request for punitive damages for failure to state a claim upon which relief can be granted.

## II.    STANDARD OF REVIEW

For the purpose of ruling on motion to dismiss under Rule 12(b)(7) for failure to join indispensable party, the well-pleaded factual allegations of the complaint are accepted as true.  *See Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. Appx. 803, 805 (3d Cir. 2003); *Clements v. Holiday Inns, Inc.*, 105 F.R.D. 467, 469 (E.D. Pa. 1984).  Similarly, in considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

## III.   DISCUSSION

Canada Life moves to dismiss Wilson's amended complaint for failure to join a party under Rule 19, which "states the principles that determine when persons or entities must be joined in a suit."  *Philippines v. Pimentel*, 128 S. Ct. 2180, 2188 (2008).  In analyzing a motion under Rule 19, a court must first determine whether a party is "necessary" under the factors in Rule 19(a) such that

it should be joined if "feasible".  *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993).  Joinder may not be feasible for a number of reasons, including because joinder would destroy diversity, *see id.*, or, as alleged in this case, because the court lacks personal jurisdiction over the absentee, *see* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("Wright & Miller") § 1610 (2008); 4 James Wm. Moore *et al.*, Moore's Federal Practice ("Moore's") § 1904[2].  If a party should be joined but joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties."  Fed. R. Civ. P. 19(b).  This question "turns on the factors outlined in subdivision (b)."  *Pimentel*, 128 S. Ct. at 2188.  If the court determines that an action should not go forward without an unjoined party, the absentee is considered "indispensable", and the action must be dismissed.[5]  *See id.* at 2188-89; *Janney*, 11 F.3d at 404.  "[T]he issue of joinder can be complex," and the decision whether to proceed without an absent party "'must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to

---

[5] The terms "necessary" and "indispensable" no longer appear in Rule 19 but are vestiges of prior versions of the rule which have survived in case law.  *Janney*, 11 F.3d at 404 n.4.

balancing against opposing interests.'" *Pimentel*, 128 S. Ct. at 2189 (quoting

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)).

As an initial matter, Wilson did name as a defendant and therefore did,

technically, join Toyo as a party.  However, given that Toyo has not been properly

served with the complaint and Canada Life's assertion that, if and when it is

served, Toyo will not be subject to this Court's personal jurisdiction, the technical

joinder of Toyo as a party does not circumvent the Rule 19 analysis, to which we

now turn.  *See Hall v. Nat'l Serv. Indus., Inc.*, 172 F.R.D. 157, 158-59 (E.D. Pa.

1997).

### A.    Is Toyo a Required (Necessary) Party?

"Rule 19(a) defines the parties who are 'necessary' in the sense that their

joinder is compulsory 'if feasible.'" *Janney*, 11 F.3d at 404.  Rule 19(a) provides

that:

> A person who is subject to service of process and whose joinder will not
> deprive the court of subject-matter jurisdiction must be joined as a party
> if:  (A) in that person's absence, the court cannot accord complete relief
> among existing parties; or (B) that person claims an interest relating to
> the subject of the action and is so situated that disposing of the action in
> the person's absence may:  (i) as a practical matter impair or impede the
> person's ability to protect the interest; or (ii) leave an existing party
> subject to a substantial risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  Courts treat the two clauses of Rule 19(a)(1) in the

disjunctive, as they are written, and thus, any party whose absence results in any of

the problems identified in either subsection is a party whose joinder is compulsory

if feasible.  *Janney*, 11 F.3d at 405.  "[A] holding that joinder is compulsory under

Rule 19(a) is a necessary predicate to a district court's discretionary determination

under Rule 19(b) that the case must be dismissed because joinder of the party is not

feasible and the party is indispensable to the just resolution of the controversy."

*Id.*

Under the first clause of Rule 19(a), the Court must determine whether

complete relief can be accorded to the parties to the action in the absence of the

unjoined party.  Fed. R. Civ. P. 19(a)(1)(A).  This "inquiry is limited to whether

the district court can grant complete relief to the persons already parties to the

action.  The effect a decision may have on the absent party is not material."

*Janney*, 11 F.3d at 405.  In this case, it is clear that Wilson and Canada Life could

be accorded full relief on Wilson's claim to the policy proceeds and claims for

compensatory and punitive damages.  Neither Wilson nor Canada Life disputes this

conclusion.

Under the second clause of Rule 19(a), the Court must take into

consideration the effect that resolution of the dispute among the parties before it

may have on an absent party, in this case, Toyo. *Id.* at 406. The first subsection of the second clause of Rule 19(a) "requires a court to decide whether determination of the rights of the parties before it would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Id.* In this case, a decision regarding the ownership of the life insurance policy and the rightful recipient of the proceeds of that policy would clearly impair Toyo's ability to protect its asserted interest in the policy and its proceeds. The second subsection of the second clause of Rule 19(a) requires a court to determine whether continuation of the action in the absence of the unjoined party would expose an existing party to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Any decision in this action presents a substantial risk of exposing Canada Life to multiple liabilities and inconsistent obligations regarding the competing claims to the proceeds of the policy.[6] For these reasons, the Court finds that Toyo is a "necessary" party to this action.

---

[6] As she has asserted only breach of contract and fraud claims in this action, Wilson does not expressly seek a declaration of the rightful owner and beneficiary of the policy. However, her claims are clearly based these determinations, and, although not styled as a separate cause of action, Wilson's complaint "seeks determination of ownership of proceeds of [the] insurance policy." (Amend. Compl. ¶ 2.)

Wilson argues that Toyo does not face a substantial risk of prejudice because this action and the Canadian action may proceed at the same time.  (Doc. 23 at 6-7.)  But Wilson's and Toyo's claims to the common proceeds of the insurance policy are mutually exclusive, and although the two actions may proceed simultaneously, it is the possibility of inconsistent judgments that creates the almost unavoidable risk of prejudice to Toyo.  *See Pimental*, 128 S. Ct. at 2192-93 ("Conflicting claims by beneficiaries to a common trust present a textbook example of a case where one party may be severely prejudiced by a decision in his absence");  Moore's § 1905[1][d] ("If the claims of a party and an absentee are mutually exclusive, prejudice from nonjoinder is virtually inescapable....  For example, conflicting claims by beneficiaries to a common trust may result in severe prejudice to an absentee.").  Wilson also argues that Canada Life does not face a substantial risk of multiple or inconsistent judgments because it will be able to invoke the preclusive effect of this Court 's decision in the Canadian action.  This argument relies on two faulty assumptions.  First, as a practical matter, should both actions proceed simultaneously, this Court may not necessarily reach a judgment before the Supreme Court of British Columbia.[7]  More importantly, although

---

[7] Although Wilson does not move for an order enjoining the Canadian action, the Court notes that such an anti-suit injunction may be granted only in extremely limited circumstances likely not present here.  *See Gen. Elec. Co.,* 270 F.3d at 161.

Canadian courts apply principles of comity substantially similar to those applied by United States federal courts,[8] these principles are no guarantee that the Supreme Court of British Columbia would find itself bound to follow this Court's decision. *See Hilton v. Guyot*, 159 U.S. 113, 141 (1895) ("'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other."). In fact, the Canadian court may have sufficient reason to not extend comity to this Court's judgment because, as will be discussed immediately below, this Court lacks personal jurisdiction over Toyo. *See id.* at 205 (requiring that "the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties").

## B.     Is Joinder of Toyo Feasible?

Having determined that Toyo is a "necessary" party such that its joinder is compulsory, the Court must determine whether such joinder is "feasible." Canada Life argues that joinder of Toyo is not feasible because Toyo is not subject to the personal jurisdiction of this Court. This Court has jurisdiction over parties to the

---

[8] *See Morguard Inv. Ltd. v. De Savoye*, [1990] 3 S.C.R. 1077 (Can.) (adopting the definition of comity from *Hilton v. Guyot*, 159 U.S. 113 (1895) for enforcement of judgments between Canadian provinces); *Amchem v. British Columbia (Workers' Compensation Bd.)*, [1993] 1 S.C.R. 897 (Can.) (applying *Morguard* to foreign judgments); *see also Braintech Inc. v. Kostiuk*, [1999] 63 B.C.L.R.3d (B.C. Ct. App.) (examining the standard of review of a foreign judgment by a Canadian court after *Morguad* and *Amchem*).

extent provided by Pennsylvania law.[9]  *See Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299 (3d Cir. 2008).  The Pennsylvania long-arm statute authorizes personal jurisdiction over entities to the fullest extent permitted under the United States Constitution. 42 Pa. C.S.A. § 5322(b).  The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants, like Toyo, have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Kehm Oil*, 537 F.3d at 299-300 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state."  *Id.* at 300 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

"Federal courts have recognized two types of personal jurisdiction which comport with these due process principles: general and specific jurisdiction. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state.  Specific jurisdiction exists when the

---

[9] In addition, Fed. R. Civ. P. 4(k)(2) "sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of United States' law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state."  *BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 258 (3d Cir. 2000).  In this case, however, Wilson's claims arise solely under state law, and thus Rule 4(k)(2) is inapplicable. Moreover, Wilson's allegations do not establish that Toyo has sufficient contacts with the United States as a whole to assert jurisdiction under Rule 4(k)(2).  *See id.* at 262-63.

claim arises from or relates to conduct purposely directed at the forum state." *Id.*
(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 &
n.8, 9 (1984)).  In this circuit, "general and specific jurisdiction are analytically
distinct categories of personal jurisdiction.  *O'Connor v. Sandy Lane Hotel Co.,
Ltd.*, 496 F.3d 312, 321 (3d Cir. 2007).  "If the defendant 'maintains continuous
and substantial forum affiliations,' then general jurisdiction exists.  If the
defendant's contacts fall short of that standard, then at least one contact must give
rise or relate to the plaintiff's claim." *Id.* (quoting *Dollar Sav. Bank v. First Sec.
Bank of Utah*, 746 F.2d 208, 212 (3d Cir. 1984)).

In this case, Wilson's claims arise from Canada Life's failure to pay her the
proceeds of the life insurance policy and Toyo's competing claim to those
proceeds.  Wilson alleges no conduct by Toyo relating to the policy which was
"purposely directed" at Pennsylvania, and therefore, only general jurisdiction is at
issue with regard to Toyo.

Where, as here, a plaintiff's claim "arises from defendant's non-forum
related activities, the plaintiff must demonstrate that in other respects ... the
defendant has maintained continuous and substantial forum affiliations." *Gehling
v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985) (citation
omitted); *see also* 42 Pa. C.S.A. § 5301(a)(2)(iii) (stating that to establish general

jurisdiction over a corporation, a plaintiff must be shown "[t]he carrying on of a continuous and systematic part of its general business within this Commonwealth."). "[T]he minimum contacts analysis is inappropriate when the defendant's forum activities do not give rise to the claim." *Dollar Sav. Bank*, 746 F.2d at 212. "[T]he plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). "As long as out-of-state residents refrain from continuous and substantial forum contacts, they can conduct their affairs confident that transactions in one context will not come back to haunt them unexpectedly in another." *O'Connor*, 496 F.3d at 321 (citation omitted).

In this case, Wilson asserts that "[u]pon information and belief, between the date of June 9, 2005 and October 3, 2007, Defendant Toyo Motors Ltd., entered into at least seventy (70) separate transactions with Advance Auto Parts in Pottsville, Pennsylvania for the sale and or [sic] purchase of automotive parts and/or automotive equipment." (Amend. Compl. ¶ 13.) In a declaration submitted in opposition to Canada Life's motion, Wilson herself further explains that: "It is also my understanding that Toyo Motors, Ltd[.] would purchase auto parts and equipment through its agent in Schuylkill County, Pennsylvania from an auto parts

14

supplier in Schuylkill County, Pennsylvania.  I have obtained records of some of these transactions."  (Wilson Decl., Doc. 17 ¶ 7.)  Wilson does not identify the purported "agent" of Toyo who made these purchases and has not submitted any of the records she has obtained.  Nonetheless, Wilson argues that these contacts with Pennsylvania preclude the conclusion that Toyo is not subject to personal jurisdiction in this Court.

Canada Life submits the affidavit of Robert Ronald Stevens, the son of Robert A. Stevens and the current owner of Toyo.[10]  (Doc. 21.)  Robert R. Stevens states that Toyo is a general automotive maintenance and repair business with a single physical place of business in Richmond, British Columbia, Canada.  (*Id.* at ¶¶ 3, 4.)  Toyo's only employees are Robert R. Stevens himself, his mother Carole Stevens, and one automotive apprentice.  (*Id.* at ¶ 9.)  Toyo does not maintain any physical place of business or perform any services within the United States (*id.* at ¶¶ 5, 8), and given the nature of Toyo's business, its services are confined to the area immediately surrounding Richmond, British Columbia (*id.* at ¶¶ 6-7).  Robert R. Stevens, who has been actively involved in the operation of Toyo since 1988, avers Toyo has not purchased any parts, products, or other materials from Advance

---

[10] The Court may consider this affidavit submitted by the defendant in determining the existence of personal jurisdiction.  *See Patterson ex rel. Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990).

Auto Parts in Pottsville, Pennsylvania.  (*Id.* at ¶¶ 2, 14.)  Robert R. Stevens further avers that his father resigned from Toyo on October 21, 2002, and from that time until his death was not employed by Toyo in any capacity and had no authority to represent Toyo in any manner or to make purchases on behalf of Toyo.  (*Id.* at ¶¶ 10-13.)  Canada Life asserts that Toyo, a small auto repair shop in British Columbia, did not in fact purchase parts from a chain store nearly 3,000 miles away in Pennsylvania, but rather, Robert A. Stevens, who resided less than 20 miles from Pottsville, misrepresented himself as an agent of Toyo in 2005 through 2007 to obtain discounts on auto parts purchased for his own use.  (Doc. 20 at 3-4 & n.2.)

Although Canada Life's and the younger Stevens's version of the facts is much more plausible, for the purposes of the present motion to dismiss, the Court must construe the disputed facts in Wilson's favor and accept as true her allegation that on 70 occasions Toyo purchased auto parts from a business in Pennsylvania. However, the Court finds that these contacts do not constitute the "continuous and substantial forum affiliations" necessary to establish general jurisdiction over Toyo.  At most, Wilson has demonstrated that Toyo had sporadic and limited contact with Pennsylvania over a short period of time.  Certainly Toyo could not reasonably anticipate that by purchasing auto parts in Pennsylvania about once

every other month for a little more than two years it would subject itself to being haled into court in Pennsylvania for any reason.  *See O'Connor*, 496 F.3d at 321; *see also Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) ("When a state has general jurisdiction over a party, that party can be haled into court in that state regardless of whether the subject matter of the cause of action has any connection to the forum.").

The United States Supreme Court rejected an argument essentially the same as Wilson's in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), the leading case on general jurisdiction.  There, the Texas Supreme Court determined that a foreign corporation could be sued in Texas in a suit arising out of a helicopter crash in Peru and, in finding sufficient contacts to support the assertion of jurisdiction, focused on the corporation's purchases of helicopters and equipment in Texas and related trips there by its personnel for training.  *Id.* at 417. The United States Supreme Court reversed.  In relevant part, the Court held, relying on Justice Brandeis's opinion for a unanimous court in *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516 (1923), that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."  *Id.* at 418.  Similarly, in this case, Toyo's

purchases of parts from a store in Pennsylvania, even if performed by an "agent" in Pennsylvania, are not enough to warrant this Court's assertion of personal jurisdiction over Toyo.

Wilson argues that "Canada Life has not made an adequate showing that this Court lacks personal jurisdiction over Toyo." (Doc. 16 at 8.) But "[i]f an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 294-95 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)); *see also* Wright & Miller § 1609 ("The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication. However, when an initial appraisal of the facts reveals the possibility that an unjoined party whose joinder is required under Rule 19 exists, the burden devolves on the party whose interests are adverse to the unjoined party to negate this conclusion and a failure to meet that burden will result in the joinder of the party or dismissal of the action."). Even accepting all of her allegations as true and construing disputed facts in her favor, Wilson has not met this burden. Wilson also appears to argue that Canada Life is somehow improperly asserting the rights of Toyo. (*See* Doc. 16 at 4-5.) But Canada Life's motion is precisely the type contemplated by Rule 19.

Wilson further argues that her choice of forum is entitled to deference, but this principle is inapplicable to the Rule 19 analysis.  *See* Moore's § 19.02 (explaining that "compulsory party joinder overrides plaintiff autonomy to structure litigation").  Whatever deference a plaintiff's choice of forum is owed, if a court cannot constitutionally assert personal jurisdiction over a defendant, the plaintiff's chosen forum is of little relevance.  *See, e.g.*, *Faust v. Coakley*, C.A. No. 06-1536, 2007 WL 1876528, at *7 (W.D. Pa. June 28, 2007) ("Since this Court has already concluded that it does not have personal jurisdiction, the Plaintiffs' choice of forum in Pennsylvania is of little significance."); *Allegheny Tech., Inc. v. Strecker*, C.A. No. 06-666, 2007 WL 852547, at *16 (W.D. Pa. Mar. 16, 2007) ("Although Plaintiff expounds at length regarding the significance of its own forum choice preference, where the Court rules that it does not have personal jurisdiction, this factor is of little relevance."); *Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 455 (E.D. Pa. 1999) ("Initially, plaintiff relies on its own forum choice preference, but, as the court rules that it does not have personal jurisdiction, this factor is of little relevance."); *Hill Int'l, Inc. v. Republic Sav. & Loan Ass'n. of Wis.*, C.A. No. 88-155, 1988 WL 52239, at *3 ( D.N.J. May 18, 1988) ("The Third Circuit has determined that a plaintiff is generally conceded the choice of forum, *provided that the requirements*

*of subject matter and personal jurisdiction*, as well as venue, have been satisfied.").

Wilson also invokes the first-filed rule, which "gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). However, this rule is inapplicable here. "The first-filed rule encourages sound judicial administration and promotes comity *among federal courts of equal rank*." *Id.* (emphasis added). "The rule has never been applied, and in fact it was never meant to apply where the two courts involved are not courts of the same sovereignty." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America*, 651 F.2d 877, 887 n.10 (3d Cir. 1981). Here, Wilson implies that this Court should enjoin proceedings, not in a coordinate federal district court, but in the Supreme Court of British Columbia, and therefore, the first-filed rule is inapplicable. Moreover, the first-filed rule does not apply where personal jurisdiction has not been established. *See, e.g.*, *Saudi v. Acomarit Maritimes Serv., S.A.*, 245 F. Supp. 2d 662, 667 n.3 (E.D. Pa. 2003).

Wilson also argues that she should be allowed the opportunity to conduct discovery regarding Toyo's contacts with Pennsylvania. Even setting aside the practical nullity that would result from allowing Wilson to propound discovery on

a party which she has failed to serve in the seven months since the amended

complaint was filed, Wilson has not made the threshold showing required to

warrant jurisdictional discovery.  The "rule is generally that jurisdictional

discovery should be allowed unless the plaintiff's claim is clearly frivolous."

*Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042

(3d Cir. 1997).  "If a plaintiff presents factual allegations that suggest with

reasonable particularity the possible existence of the requisite contacts between the

party and the forum state, the plaintiff's right to conduct jurisdictional discovery

should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d

Cir. 2003) (citation omitted).  Wilson has not made this threshold showing.  Toyo's

mere purchases of parts in Pennsylvania, even if more regular and in greater

amounts than Wilson alleges, cannot establish sufficient systematic and continuous

contacts for general jurisdiction, *Helicopteros*, 466 U.S. at 417, and jurisdictional

discovery will not alter this conclusion, *see Regan v. Loewenstein*, 292 Fed. Appx.

200, 205 (3d Cir. 2008) ("The alleged physical presence of Defendants or their

agents during occasional concerts is plainly not a 'continuous and systematic'

contact, and jurisdictional discovery cannot change this fact.").  Especially in light

of the entirely implausible nature of her allegations regarding Toyo's contacts with

Pennsylvania, it is clear that jurisdictional discovery would be a mere fishing

expedition, and therefore, Wilson's request for such discovery will be denied.  *See Base Metal Trading Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 47 Fed. Appx. 73, 77 (3d Cir. 2002) (quoting  *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 & n.3 (4th Cir. 2002) (stating "the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court. And where, as here, the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, we see no reason to overturn the district court's exercise of discretion.").

### C.    Is Toyo an Indispensable Party?

Having determined that Toyo is a necessary party, but that joinder is not feasible because Toyo is not subject to personal jurisdiction, the Court must determine whether Toyo is an "indispensable" party under Rule 19(b).  *Janney*, 11 F.3d at 404.  If so, this action cannot go forward.  *Id.*  Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  Rule 19(b) lists four factors for the court to consider in making this determination:

> (1)    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)     the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*  "[T]he four factors listed, though not exhaustive, are 'the most important considerations' in determining whether a party is indispensable." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007) (quoting *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640 (3d Cir. 1998)).

The first and second factors under Rule 19(b) – whether judgment might prejudice absent and present parties and to what extent such prejudice can be lessened or avoided – are obviously related.  *See id.* at 320.  Moreover, "the first factor under Rule 19(b) overlaps considerably with the Rule 19(a) analysis."  *Id.* (citing *Gardiner*, 145 F.3d at 641).  As discussed above, a judgment rendered in this case in Toyo's absence presents a significant risk of substantial prejudice to Toyo's facially arguable interest in the policy proceeds.  Wilson's and Toyo's claims to the policy proceeds are mutually exclusive, and thus the threat of prejudice to Toyo is very real and essentially unavoidable.  *See Pimental*, 128 S. Ct. at 2192-93.  Proceeding with this case in Toyo's absence also presents a

23

significant risk of double liability for Canada Life in the form of inconsistent

judgments here and in the Canadian action.  Thus, the first factor weighs heavily in

favor of dismissal of this action.

As to the second factor, the parties have not suggested any means by which

this prejudice could be lessened.  The Court can conceive of several possibilities,

although none appear particularly effective.  The Court may notify Toyo of this

action and request that it voluntarily appear.  *See* Fed. R. Civ. P. 19(b) & (c), 1966

advisory committee notes ("In some situations it may be desirable to advise a

person who has not been joined of the fact that the action is pending, and in

particular cases the court in its discretion may itself convey this information by

directing a letter or other informal notice to the absentee."); *see also* Wright &

Miller § 1610 ("If the court cannot obtain personal jurisdiction ... over an absentee

... , the court may encourage the intervention of absentees by notifying them of the

pendency of the action and giving them an opportunity to intervene.").  The

advisory committee notes to Rule 19 make clear that a relevant consideration under

the second factor is whether "the absentee may ... be able to avert prejudice to

himself by voluntarily appearing in the action."  Fed. R. Civ. P. 19(b), 1966

advisory committee notes; *see also* Wright & Miller § 1608 (noting that there is no

obstacle to an absentee voluntarily appearing because a defect in personal

jurisdiction can be waived.").  Given Toyo's affidavit in support of Canada Life's

motion to dismiss (Doc. 21) and its refusal to waive personal service (Doc. 28 at ¶

3), it is clear that Toyo has notice of this action, but chooses not to voluntarily

appear.  However, under the second Rule 19(b) factor, the court must consider

whether an absentee's voluntary appearance "would impose undue hardship on the

absentee."  *Id.*  Certainly litigating in a foreign jurisdiction nearly 3,000 miles

away would impose some hardship on Toyo, but the fact that Toyo has already

participated in this action, at least tangentially, suggests that such hardship may not

be "undue."  This factor weighs, to some extent, in favor of this action going

forward.  *See* Moore's § 1905[1][c] ("The absentee's refusal to intervene ... may

justify the court's decision to proceed rather than dismiss, unless, of course, other

factors (such as harm to the defendant) dictate dismissal.").

Another possibility is raised by Canada Life's ability to avoid the potential

prejudice for itself.  *See* Wright & Miller § 1608 ("According to the discussion of

this second factor in the Advisory Committee Note accompanying the 1966

amendment of Rule 19, ... those who already are parties should be encouraged to

take steps to avoid the possibility of prejudice.").  The advisory committee notes to

Rule 19 offer the suggestion that "a defendant faced with a prospect of a second

suit by an absentee may be in a position to bring the latter into the action by

defensive interpleader." Fed. R. Civ. P. 19(b), 1966 advisory committee notes. Canada Life, in fact, suggests that interpleader is appropriate in this case (*see* Doc. 20 at 6), and an interpleader counterclaim asserted in this action would greatly reduce its risk of multiple liability.[11]  In attempting to assert an interpleader claim against Toyo, however, Canada Life would face the same problems of personal jurisdiction that Wilson presently faces.  Under 28 U.S.C. § 2361, nationwide service of process is available for statutory interpleader under 28 U.S.C. § 1335. *See Pinker*, 292 F.3d at 369 (holding "that a federal court's personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process").  However, by its terms, § 2361 provides for service only in the "districts where the claimants reside or may be found," and as such likely does not provide for service in foreign countries as would be required here.[12]  *See* Wright & Miller §

---

[11] Although it has yet to invoke interpleader, on the basis of such a theory, Canada Life addresses whether the Court may invoke *in rem* or *quasi in rem* jurisdiction based on the location of the "*res*", in this case, the policy or its proceeds.  (Doc. 20 at 4-6.)  There is some logic to this argument, *see* Moore's § 2204[3][a] ("Because interpleader cases involve conflicting claims to a res, it seems clear that courts could have considered interpleader as quasi-in-rem actions for purposes of personal jurisdiction."), but Wilson correctly notes that the Supreme Court has held that interpleader is an *in personam* proceeding.  *See N.Y. Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916).

[12] Somewhat ironically, some courts have relied on the *in rem* or *quasi in rem* theory addressed by Canada Life to work around the limits on service imposed by § 2361.  These courts have authorized service of process under a federal lien enforcement statute, 28 U.S.C. § 1655, which allows for substitute service. *See* Wright & Miller § 1711; Moore's § 2204[3][d].

1711 (stating "no service may be had on persons who ... are absent from the country"); Moore's § 2204[3][d] (discussing arguable alternatives to § 2361 for the exercise of jurisdiction "over claimants who cannot be served personally ... because they are overseas"); *id.* at § 1904[2] ("Congress could provide for nationwide service of process for all civil actions in federal court, and thus avoid problems concerning personal jurisdiction over absentees (*at least if the absentees were in the United States*).  It has done so, however, only in very limited circumstances, such as with statutory inter-pleader."); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 537 n.18 (1967) (acknowledging but not deciding this issue).  Thus, requesting or requiring Canada Life to interplead here does not appear to be an effective means of lessening or avoiding prejudice and does not weigh in favor of this action proceeding.

The third factor under Rule 19(b) is "whether a judgment rendered in the person's absence would be adequate."  Fed. R. Civ. P. 19(b)(3).  "Specifically, this element allows the court to consider whether the relief it grants will prove an adequate remedy for the plaintiff."  *Gen. Refractories*, 500 F.3d at 320-21.  "Rule 19(b) instructs the court to determine whether the relief it ultimately might grant

---

However, even setting aside that application of § 1655 to statutory interpleader is at odds with the Supreme Court's characterization of interpleader actions as *in personam*, § 1655 applies only to claims to "property within the district."  In this case, it is certainly questionable whether the policy or its proceeds could be considered to be in this district.

will be an adequate remedy for the alleged wrong to plaintiff or whether it will leave plaintiff only partially compensated, which may lead to further litigation." Wright & Miller § 1608.  In this case, the Court can fully compensate Wilson for her claims should this action go forward.  However, the third factor also refers to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies."  *Provident*, 390 U.S. at 111; *see also Pimental* 128 S. Ct. at 2193 (stating "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible'" (quoting *Provident*, 390 U.S. at 111)).  In this case, although Wilson's relief in this Court may be complete, this action cannot fully, or necessarily consistently, resolve the controversy over the proceeds of the insurance policy at issue.  Thus, the third factor appears to be a wash.

The final factor under Rule 19(b) is "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b)(4).  This factor recognizes that "the plaintiff has an interest in having a forum," and "the strength of this interest obviously depends upon whether a satisfactory alternative forum exists."  *Provident*, 390 U.S. at 109.  "[T]he court should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible."  Fed. R. Civ. P. 19(b), 1966 advisory committee notes.  "The fact that there is an

alternative forum in which comprehensive joinder can be effected does not automatically warrant dismissal of the pending case," and, along with the other Rule 19(b) factors, a court should consider potential problems with alterative forum, such as unacceptable delay or whether proceeding in the alternative forum will impose substantially greater costs on the plaintiff. Moore's § 19.05[d]. On the other hand, "[t]he absence of an alternative forum also is not necessarily dispositive." *Id.* "Although the absence of an alternative forum creates a sympathetic climate for the federal court continuing the action, it should be remembered that this is only one of many factors to be considered under Rule 19(b). Thus, there may be situations in which the court will be obliged to dismiss an action even though plaintiff will not be able to assert his claim elsewhere." Wright & Miller § 1608.

In this case, the Canadian action presents a ready and suitable alternative forum where Wilson could effectively assert her claims against all necessary parties. Canada Life and Toyo, both Canadian entities, are already parties to the action in the Supreme Court of British Columbia, and therefore, Wilson would encounter no problems joining both as counterclaim or crossclaim defendants there. Wilson argues that British Columbia is not an adequate alternative forum because she is not subject to personal jurisdiction there. This argument, however,

turns the analysis under the fourth Rule 19(b) factor on its head.  The question is

whether Wilson "*could sue effectively* in another forum,"  Fed. R. Civ. P. 19(b),

1966 advisory committee notes, not whether she could effectively be sued there.

Regardless of whether Wilson is subject to personal jurisdiction as a defendant in

British Columbia, it is clear that she could effectively assert her claims against both

Canada Life and Toyo there.  Wilson also argues that it would be burdensome and

expensive for her to litigate in Canada.  However, "[t]here is no guaranty that the

plaintiff can proceed in a court in the United States.  The preferred alternative

forum may be in a foreign country."  Moore's § 1905[5][b].  In this case, the

Canadian action provides a better forum for the resolution of the parties' dispute

where all required parties may be joined.  That litigating in this more appropriate

forum will cause Wilson to incur additional costs, which in other circumstances

she could chose to avoid as plaintiff, is simply the policy choice reflected in Rule

19. *See id.* at § 1902[1].

Upon consideration of all of the Rule 19(b) factors, the Court finds that this

action cannot, in equity and good conscience, proceed among the existing parties.

Both Toyo and Canada Life face a significant risk of substantial prejudice were

this action to go forward in Toyo's absence, and the Court finds no way to

effectively lessen or avoid this prejudice.  The Canadian action, where all required

parties may be joined, presents an alternative forum where Wilson may effectively assert her claims, and where the interests in the complete, consistent, and efficient settlement of disputes may be served.  The Wilson, rather than Toyo, must bear the increased burden and cost of litigating in a foreign forum is outweighed by consideration of the other Rule 19(b) factors.  For these reasons, the Court finds that Toyo is an indispensable party, and therefore, this action must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Canada Life's motion to dismiss will be granted, and the Court will dismiss this action for failure to join a party under Rule 19. This decision is not an adjudication on the merits, *see* Fed. R. Civ. P. 41(b), and therefore, dismissal is without prejudice.  The Court will not reach the merits of Canada Life's motion to dismiss under Rule 12(b)(6) and will deny Wilson's motion for an extension of time in which to serve Toyo as moot.  An appropriate order will be entered.